M. M. MILLER *v.* M. MARIGNY, Sheriff, et al.

Where the creditor of an insolvent who has been placed upon the bilan, and duly notified thereof, afterwards sues the insolvent for the same debt, and obtains a judgment by default, which he regularly confirms, it is inadmissible to say that such judgment is absolutely null and void    The insolvent, when cited, should have pleaded his *cessio bonorum*, and if his creditor could show no legal cause to take the case out of the usual category, the plea would prevail.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

John *Henderson, jr.*, for plaintiff and appellant:

The case of *M. M. Miller*, as presented by his petition, is simply this:

*Mandeville Marigny*, acting in his capacity of Sheriff of the parish of Orleans, seized property belonging to *M. M. Miller* under a writ of execution issued in favor of *A. Rebates, alias Revados*, v. *M. M. Miller* from the Second District Court of New Orleans. The amount set forth in the execution was $387 51. *M. M. Miller* called upon the Sheriff, and requested him *to release the property* so seized, upon the ground that the execution under which he seized, and the judgment upon which the execution issued, were *void*. The Sheriff persisted in selling under said fi. fa. unless the amount of the execution was paid by *M. M. Miller*. The said *Miller*, to avoid expense and sacrifice of his property by forced sale, paid the amount of the execution, under express protest in writing.

This protest informed said Sheriff that he was acting under *color* of legal process, without the sanction of law, as the fi. fa. under which he made such seizure was void as well as the judgment upon which such fi. fa. issued. In this protest said Sheriff was expressly notified that he was acting without the authority of law, and therefore a mere trespasser—for which the said *M. M. Miller* would hold him legally responsible in damages, and for the recovery back of the money so extorted from *Miller* under color of judicial process. *M. M. Miller* paid the sum of $387 51, including costs, under protest, and sued the Sheriff and plaintiff in execution to recover back the amount so extorted, and the further sum of $100 for illegal seizure, by way of damages. These facts all appear in the petition. The petition further alleges that the said execution and judgment of said Second District Court of New Orleans are void in this, to wit:

The said *M. M. Miller* applied for and obtained from the Fourth District Court of New Orleans a cession of his goods to his creditors and a stay of proceedings. The name of *A. Rebates, alias Revados*, aforesaid, was put upon the bilan for the identical note—the basis of said judgment in said Second District Court of New Orleans. The creditors elected one *Stoppenhagen* syndic, who duly qualified. After said *Stoppenhagen* was appointed syndic, the said *Rebates, alias Revados*, instituted said suit in said Second District Court of New Orleans upon said note so put down on said bilan against said *Miller;* caused citation to issue, which was personally served on *M. M. Miller;* a judgment by default was had and confirmed. Upon this judgment so obtained said execution issued. The petition charges such judgment as void, because it was obtained against *M. M. Miller* after he had obtained a *cessio bonorum* and stay of proceedings, and after a syndic had been regularly appointed to represent the insolvent.

To this petition the said *Mandeville Marigny* filed two exceptions:

1st. That the original court had no jurisdiction of the cause of action set up in the petition.

2d. The petition discloses no cause of action as to defendant *Marigny*. The said *Rebates*, on the day of trial of such exceptions, joined said *Marigny* therein.

There can be no doubt the court has jurisdiction over the amount of $487 50, as well as jurisdiction over the person of both defendants.

We will examine the second exception to wit: that the petition discloses no cause of action as against either defendant.

To maintain an action we must show affirmatively that the judgment of the Second District Court of New Orleans, upon which said execution issued and under which said Sheriff and plaintiff in execution justify their action in the premises, is absolutely *void* and not merely *voidable*.

We now propose to show this by the decisions of this honorable court.

In every judgment the agency and presence of three parties are required— *Judex, actor et reus.* 1 N. S., 8–9, *Bernard* v. *Vignaud.*

Miller at date of citation served on him, had no capacity to stand in judgment. 1 N. S., 62; 3 N. S., 377; 10 L. R., 229.

A judgment against a party who has no capacity to stand in judgment is null and void, and can be attacked collaterally. 1 N. S., 9, 66; 11 Rob., 42, 43, 109; 6 L. R., 377; 6 Rob., 204.

Cession of goods and order of stay of proceedings operate a civil death of defendant. 1 M. R., 193.

In 2 M. R., 207, the Supreme Court uses this language: "This case cannot be distinguished from the case in 1 M. R., 193. No suit can be carried on without parties." The defendant was *civiliter mortuus*, the plaintiff was the only party.

Proceedings after the order of stay of proceedings are *null.* 3 M. R., 39; 4 M. R., 264; C. P., art. 165 ⅓.

If the judgment be *void* for want of a defendant *capable* to stand in judgment it follows as a necessary consequence that the Sheriff and the plaintiff in execution are co-trespassers, and are liable as such to *Miller* in solido in damages. 2 Rob., 349; 9 L. R., 123, 124; 3 An., 577.

The Sheriff was *bound* to inquire into the *jurisdiction* of the court from which the process to him issued, and under which he acted. 7 N. S., 2; 6 R. R., 192, 205; 3 An., 577.

*Larue & Whittaker* and *Culbertson*, for defendants.

SLIDELL, C. J. The petitioner claims from the defendants the amount collected on a fieri facias issued upon a judgment obtained by *Rebates* against *Miller*, and also damages. The allegation is that the judgment and fieri facias were absolutely null and void, that the Sheriff and seizing creditor were so informed, and the amount was paid under protest to that effect.

It appears from the allegations of the petition, to which there was a demurrer, that *Miller* had made a *cessio bonorum* and placed *Rebates* as a creditor on his bilan, of which *Rebates* was duly notified. Subsequently *Rebates* sued *Miller* for the same debt; *Miller* was personally cited; a judgment by default was taken and confirmed, and it was upon execution of this judgment *Miller* paid. We concur with the District Judge in the opinion that these facts form no basis for the present action. It is inadmissible to say the judgment was absolutely null and void, a proposition which the appellant concedes to be indispensable for the maintenance of his suit. When cited, he should have pleaded his *cessio bonorum* as exempting him from judicial pursuit; and if his creditors could show no legal cause to take the case out of the usual category, the plea would have prevailed; not having done so, it is now too late. The cases cited do not sustain the proposition that *Miller*, as between himself and *Rebates*, was incapable of standing in judgment in the suit in question, although good authority for the doctrine that *quoad* property surrendered by the *cessio bonorum* or the interest of the insolvent estate, *Miller* was incapable. We are aware of no case authorizing us to hold that the judgment in question was absolutely null and void. Occasional *obiter dicta* on which counsel have relied must be controlled by reference to the circumstances of the cases in which they were used and the points really in controversy.

Judgment affirmed, with costs.