MUSER et al. v. KERN et al.

(Circuit Court, E. D. Louisiana. May 26, 1893.)

No. 12,142.

ATTACHMENT—PRIORITY OF LIENS—CLAIM OF PROVISIONAL SYNDIC.

Where, after the levy of an attachment in a federal court, defendants are adjudicated insolvents, and a provisional syndic is appointed, but the attachment suit goes to trial on the answer of defendants, without any intervention by the syndic until after judgment is rendered sustaining the attachment, and for the debt on which it was founded, the right of the attaching creditors to the fund realized from the sale cannot be defeated by the syndic, although the same would have been paid to him if he had intervened at the proper time.

At Law. Action commenced by attachment by Muser Bros. against H. Kern & Son. There was a judgment sustaining the attachment, and awarding plaintiffs the amount of their claim. The case is now heard on the claim of the provisional syndic of the defendants that the money realized from the attachment sale should be paid to him.

R. G. Dugue, for plaintiffs.

Bayne, Denegre & Denegre, for E. S. Jaffray & Co. and Siegfried & Brandenstein.

Girault Farrar, for provisional syndic of H. Kern & Son.

BILLINGS, District Judge. This cause is submitted for the court to determine to whom a fund shall be paid. E. S. Jaffray & Co. and Siegfried & Brandenstein, who had seized under the judgments and writs of fieri facias, and Muser Bros., who had attached, and the syndic, T. C. Sachse, provisional of the defendants, are the contesting parties. The right of the creditors who made a seizure under the writs of fieri facias having already been adjudged by previous decree to outrank the syndic and Muser Bros., and the fund to the extent of $5,350.34 having been awarded to them, the issue now remains to be decided between Muser Bros. and the said syndic as to which has the right to the balance of said fund.

The court finds the following facts in this case, a jury having been waived: This suit was commenced on November 10, 1892, writ of attachment issued, and a levy was made under it on

the same day.   On December 8, 1892, the defendants H. Kern & Son, upon their own petition, were adjudicated insolvents, and on December 9, 1892, at the instance of certain creditors, the syndic, T. C. Sachse, was appointed provisional syndic; the appointment of Victor Mauberret, made the preceding day, having been revoked. An answer was filed by the defendants, being a general denial, on December 1, 1892.   On December 17th the case, having been regularly fixed for trial, was tried by jury, and a verdict rendered whereby the plaintiff had a judgment for $2,734.81.   The verdict maintained the lien and privilege of the attachment.   On December 20, 1892, Victor Mauberret, claiming to be a provisional syndic, filed a petition averring the adjudication of the defendants as insolvents, and the acceptance of their surrender by the proper court, and prayed for a dissolution of the attachment.   On the same day a rule was taken for a new trial by the defendants and by Shwartz & Sons, garnishees, who set up for the first time the insolvency proceedings.   These applications, the rule, and the petition were refused, it appearing that Mauberret had been superseded by Sachse, and Sachse did not appear.   The motion for a new trial on the part of the defendants and interveners was refused on the ground that they were present with their counsel when their case was tried, and gave no reason whatever for not appearing in the cause in due time.   The syndic who claims the balance was appointed on December 9th, and made his appearance in this court for the first time after the close of the term at which the judgment was rendered, in response to the rule of the interveners, which was taken, upon a consensus, for the court to direct the disposition of this fund.

It appears, therefore, that the question is whether the plaintiffs, Muser Bros., or the syndic, is the party entitled to the balance of this fund.   There can be no doubt that upon the acceptance by the proper tribunal of the surrender of Kern & Son and the appointment of a syndic, and the appearance of the syndic in this court and his making the proper plea, the attachment would have been dissolved; but there was no such appearance, no such plea was filed; in fact, the present syndic did not appear here until the 13th of May, 1893, and not until after a judgment had been rendered in favor of the plaintiffs, maintaining their attachment.   That judgment was signed on March 20, 1893, and was for the sum of $2,734.81, with legal interest, and contained the following clause with reference to the attachment:

"It is further ordered, adjudged, and decreed that the writ of attachment here be, and the same is hereby, maintained; that the amount of the judgment herein rendered be paid out of the property attached, or its proceeds, with privilege and with preference over all other presents."

The question of law arising upon these facts thus found is whether that judgment cuts the syndic off from asserting a right which he otherwise would have had.   It is to be observed that the court that rendered this judgment had jurisdiction of a cause and of the parties, and the money subsequently paid into the registry of the

court had been reached by its process of attachment and garnishment. Under these circumstances, a judgment was rendered without any plea having been filed, either by the defendants or the interveners or the syndic, suggesting the insolvency.

It seems to me that the authorities upon this question show that this judgment is conclusive. The leading case is that of Eyster v. Gaff, 91 U. S. 521. In that case a suit to foreclose a mortgage had been commenced in a state court of competent jurisdiction, and while the suit was pending, and before final decree, the defendant and mortgagor was adjudged a bankrupt, and his assignee was appointed. The assignee made no appearance in the cause previous to the judgment, the cause proceeded to a judgment, and there was a sale of the property under a decree of foreclosure. The question was as to the validity of that sale. The court say:

"If there was any reason for interposing, the assignee could have had himself substituted for the bankrupt, or made a defendant on petition. If he chose to let the suit proceed without such defense, he stands as any other person would on whom the title had fallen since the suit was commenced. * * * The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding, according to the law governing such a suit, to do so. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of parties to the suit already pending. It was the duty of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject-matter of the suit."

In Miller v. Marigny, 10 La. Ann. 338, the court held:

"Where the creditor of an insolvent who has been placed upon the bilan, and duly notified thereof, afterwards sues the insolvent for the same debt, and obtains a judgment by default, which he regularly confirms, it is inadmissible to say that such judgment is absolutely null and void. The insolvent, when cited, should have pleaded his cessio bonorum, and, if his creditor could show no legal cause to take the case out of the usual category, the plea would have prevailed."

If a third person who had not derived his title from the defendants, after the institution of the suit, and after the levy of the attachment, had asserted here and now title to the property covered by the attachment or the writ of fieri facias, averring a title in himself, he could have been heard, and, if he had established his title, he would have received this fund; but the syndic occupies the position of a person who derived his title after the property was in the hands of the court in a pending suit against a defendant from whom he derived his title, and as the court say in Eyster v. Gaff, supra, if he chose to let the suit proceed without such defense, he stands as any other person would on whom the title had fallen since the suit was commenced. It is a principle of law too well settled to require reference to authorities that, after the institution of a suit against the defendant which touches property, asserting a right to it, the person who takes title from the defendant is concluded by an adverse judgment, equally with the defendant himself. The assignee of an insolvent or syndic, as he is termed, like

the assignee in bankruptcy, occupies no different position in this respect from any other third person.

The syndic asks that the property be taken away from the attaching creditor, and delivered over to him to be distributed pro rata among all the creditors, on the ground that the statute of congress required a dissolution of the attachment. The answer to this is that a judgment maintaining the attachment stands now between the syndic and this property. The very force of the judgment in a case where there has been an attachment under our law gives the plaintiff the right of having his judgment satisfied out of the proceeds of the property in preference to other creditors, who were to be paid in the order of the date of their attachments. 1 Hen. Dig. verbo "Attachment," § 11, par. 8, p. 148. My opinion, therefore, is that the plaintiffs, Muser Bros., have a prior right to the fund in the registry of the court by virtue of their judgment maintaining their attachment. The judgment must be accordingly.